FILED
NOV 0 7 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Judge Kapala |
| | ) | |
| v. | ) No. 11 CR 50082 |
| | ) | |
| FRANK L. BEAUDETTE | ) | Violation: Title 18, United States Code, Section 1343 |

The UNITED STATES ATTORNEY charges:

1. From at least 1995, and continuing to at least September of 2010, at Huntley, in the Northern District of Illinois, and elsewhere,

FRANK L. BEAUDETTE,

defendant herein, knowingly devised and engaged in a scheme to defraud and to obtain money, funds, and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme is described in the following paragraphs.

2. It was the object of this scheme that the defendant would and did enrich himself by causing his victims to loan him more than $800,000 by making false representations to the victims about the purpose for which he intended to use their money.

3. It was a part of the scheme that defendant befriended his victims and gained their confidence.

4. It was further a part of the scheme that defendant made false statements to his victims in order to induce them to loan money to him

5. It was further a part of the scheme that defendant falsely told his victims that his friend had an opportunity to make a large profit through a computer-related sales transaction and that his friend needed capital in order to complete this transaction.

6. It was further a part of the scheme that defendant persuaded his victims to loan money to him by promising that their money would be provided to his friend for purposes of the computer-related sales transaction.

7. It was further a part of the scheme that defendant gave the victims personal promissory notes, promising to repay their principal together with large amounts of interest.

8. It was further a part of the scheme that defendant did not provide the funds he received from his victims to his friend for a computer-related sales transaction, but instead spent the victims' funds on his own personal expenses.

9. It was further a part of the scheme that on at least one occasion, defendant convinced a victim to loan funds to him by promising that he would invest the victim's funds in a real estate investment, but instead spent the victim's funds on his own personal expenses.

10. It was further a part of the scheme that when the promissory notes came due, defendant made false statements to the victims about why he could not repay the loan, such as falsely telling the victims that his friend had been unable to collect what he was owed for the computer-related sales transaction.

11. It was further a part of the scheme that defendant told his victims that he owned an airplane brokerage business known as "Thunderbird Aviation."

12. It was further a part of the scheme that defendant falsely promised his victims that he would repay the loans he owed them with commissions he would be earning from airplane sales brokered by Thunderbird Aviation.

13. It was further a part of the scheme that defendant caused some of his victims to provide additional funds to him by falsely telling them that he needed these funds in order for Thunderbird Aviation to complete airplane sales transactions.

14. It was further a part of the scheme that defendant did not us the additional funds he received from his victims for airplane transaction fees, but instead spent the victims' funds on his own personal expenses.

15. On or about June 3, 2010, at Huntley, in the Northern District of Illinois,

FRANK L. BEAUDETTE,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be transmitted by means of a wire communication in interstate commerce from Discover, through a computer server located in Dallas, Texas, to the bank account of "Victim A," at Citizen's First National Bank, which was located in Huntley in the Northern District of Illinois, certain signals, namely a funds transfer in the amount of $4,500.

In violation of Title 18, United States Code, Section 1343.

_____
UNITED STATES ATTORNEY