IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Judge Frederick J. Kapala |
| | ) | |
| FRANK L. BEAUDETTE | ) | Case No. 11CR50082 |

**RESPONSE TO GOVERNMENT FILINGS AND SENTENCING POSITION**

Comes now Frank L Beaudette by the Federal Defender Program, Carol A. Brook Executive Director and Paul E. Gaziano one of her Assistants and submits to this Honorable Court his response to the Government's Supplemental Filings and his Sentencing Position.

**Background**

Mr. Beaudette voluntarily and with the assistance of privately retained counsel appeared before this Court waived the necessity of an indictment and entered a plea of guilty to the Information filed by the United States Attorney's office. That information charged Mr. Beaudette with one count of wire fraud. In the information and the plea agreement which Mr. Beaudette executed and presented to the Court, Mr. Beaudette admitted to a loss figure of in excess of $800,000.00. That amount included not only the incident alleged in paragraph 15

of the Information but also all relevant conduct known to the government at the time of the plea.[1] Subsequent to the entry of the plea of guilty to this offense, the government was made aware of other victims of the scheme to which Mr. Beaudette pleaded guilty. Subsequent to the entry of the plea of guilty, the government has asserted that it has discovered proof of other violations of law committed by Mr. Beaudette. These alleged violations occurred according to the government after Mr. Beaudette became aware of the investigation or after he entered his plea in this cause.

The government now seeks to withdraw its recommendation that Mr. Beaudette receive a 2-level downward adjustment for acceptance of responsibility in the calculation of the offense level of the sentencing guidelines. The reasons for that position are set forth in the government's supplemental filings.

**Sentencing Guideline Calculations**

Mr. Mohammed has no objections to the calculation of the advisory sentencing guidelines contained in the Presentence Investigation Report (PSI). However, Mr. Beaudette has advised counsel that he does not object to the

---

[1] Mr. Beaudette was represented by different counsel at the time of the plea. It appears that the loss figure was based upon a list of approximately 10 people known to the government at the time of the plea. See, Official Version, p.4-7.

calculation suggested by the government which would increase the offense level by two levels due to the amount of additional loss. In effect, Mr. Beaudette does not object to the sought for 16 level increase pursuant to §2B1.1(b)(1) (I). He acknowledges that the intended loss does exceed one million dollars. See, Govt. Second Supplemental Objection and Government's Third Supplemental Objection. Mr. Beaudette's position is consistent with that of the Government as to determination of intended loss. Excluding the dispute on acceptance of responsibility, Mr. Beaudette agrees that his base offense level is7 and that base offense level must be increased by 16 . Mr Beaudette has no objection to the 2-level increase suggested at line 127 of the Presentence Investigation.

Mr Beaudette submits that he should be awarded the 2-level decrease for acceptance of responsibility.[2]

**Acceptance of Responsibility**

Mr. Beaudette submits that he should receive the two level decrease in

---

[2]Mr. Baudette appreciates that the one level decrease pursuant to §3E1.1(b) can only be awarded on the government's motion. He does point out that decrease is based upon assisting the government by avoiding preparing for trial. If successful in obtaining the two-level decrease, Mr. Baudette requests that pursuant to the plea agreement that the government move for that adjustment in offense level. That the government was not required to prepare for trial is amply shown by his pleading guilty at a very early date in these proceedings.

offense level for acceptance of responsibility. Mr. Beaudette's actions in waiving indictment, admitting his guilt to the information and admitting to relevant conduct constitutes significant evidence of his acceptance of responsibility. See U.S.S.G.§3E1.1 App. Note 3. That note advises that a plea of guilty in itself is significant evidence of acceptance of responsibility. Mr. Beaudette's case is even more compelling. He saved the government the expense, the time, and the inconvenience to witnesses and others from appearing before a grand jury. In a case such as this, the waiver of an indictment is even more compelling. The government was not required to subpoena witnesses, to use the time of agents to prepare for testimony and to have the assistant United States Attorney prepare a presentation.

In addition, by the terms of the plea agreement and the plea in this case, Mr. Beaudette admitted relevant conduct. According to 3E1.1 app. Note 1 (A), Mr. Beaudette is not required to admit relevant conduct in order to obtain this adjustment. That note provides in part: " a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of

conviction in order to obtain a reduction under subsection(a). "

Mr. Beaudette has admitted relevant conduct for the victims originally contemplated by the government. Mr. BEAUDETTE has authorized his present attorney to advise the Court that he is prepared to admit further relevant conduct which places the loss figure over one million dollars. That concession was made in the preceding section of this document. In sum, Mr. Beaudette has by acknowledged his wrong doing and relevant conduct has saved the government, the grand jury and this court from the expenditure of time and other resources. These actions constitute a sufficient basis for this Court in its discretion to award Mr. Beaudette the adjustment for acceptance of responsibility.

     Mr. Beaudette is aware that this court must enter as a part of this sentence an order of restitution in this case. 18 U.S.C.§3663.  Mr. Beaudette has conferred with his present counsel on this issue.  He recognizes that the additional victims of his crime of conviction are entitled to restitution. He by acknowledging that those persons were victims of this crime has further accepted responsibility.  The government has in its supplemental pleadings has described individuals who are not victims to the crime of conviction.  Mr. Beaudette has authorized his present attorney to agree on his behalf that those individuals may be added to those

persons entitled to restitution. See, 18 U.S.C.§3663A(a)(3).

Mr. Beaudette submits that his actions in authorizing his attorney to allow restitution for persons not victims to the crime of conviction and for admitting that those additional victims of his crime of conviction further establishes his acceptance of responsibility.

Sentencing Recommendation

Mr. Beaudette requests that this court impose a sentence at the low-end of the applicable guideline range. Mr.Beaudette asserts that range is based upon at most an adjusted offense level of 23 and criminal history category of I.[3]

Mr. Beaudette would request that the court recommend that his placement be at the most suitable facility closest to Huntley, Illinois. This request is premised upon making visitation less onerous for those seeking to see Mr. Beaudette.

Dated this 15th day of February 2012 in Rockford, Illinois.

Respectfully submitted:

---

[3] The sentencing guideline range if the government moves for the additional one level reduction would be based upon adjusted offense level 22.

                                                FEDERAL DEFENDER PROGRAM
                                                Carol A. Brook
                                                Executive Director

                                                By: ____/s/_____
                                                      Paul E. Gaziano
                                                      Attorneys for Defendant

PAUL E. GAZIANO
FEDERAL DEFENDER PROGRAM
202 W. State Street - Suite 600
Rockford, IL 61101
(815) 961-0800